IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHARON HAMBY M.D., an individual, ) ) ) Plaintiff, ) ) vs. ) ) OHIO NATIONAL LIFE ) ASSURANCE CORPORATION, ) ) Defendant. ) _____ ) | CIVIL NO. 12-00122 JMS-KSC ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FIVE OF THE COMPLAINT, AND GRANTING LEAVE TO AMEND |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FIVE OF THE COMPLAINT, AND GRANTING LEAVE TO AMEND

### I. INTRODUCTION

In this diversity action, Plaintiff Sharon Hamby ("Plaintiff") seeks recovery for breach of contract (Counts One and Two), violations of Washington statutory law (Counts Three and Five), common law insurance bad faith (Count Four), and repudiation (Count Six). Defendant Ohio National Life Assurance Corporation ("Defendant") has moved to dismiss Counts Three and Five, raising a conflicts-of-law issue. Defendant contends that Hawaii -- not Washington -- law should apply because, under the applicable test, Hawaii has the most significant relationship to the dispute and thus has a stronger interest in having its laws

applied. *See, e.g.*, *Mikelson v. United Svcs. Auto. Ass'n*, 107 Haw. 192, 198, 111 P.3d 601, 607 (2005).

Based on the following, the Motion is GRANTED. Plaintiff, however, is granted leave to amend to allege violations of Hawaii law in place of Washington law.

## II. **BACKGROUND**

**A.     Factual Background**

Defendant, an insurance company with its principal place of business in Ohio, issued two disability insurance policies to Plaintiff, one in 1991 and the other in 1994. Doc. No. 1, Pl.'s Compl. ¶¶ 3, 6, 7. Both policies were purchased and issued in the state of Washington. *Id.* ¶ 4. In 1998, Plaintiff made a disability benefits claim, on the basis that she had developed several permanent medical conditions. *Id.* ¶¶ 8, 10. Defendant accepted the claim and paid benefits to Plaintiff through February 20, 2011. *Id.* ¶ 9. Defendant moved to Hawaii in approximately 2007. On March 21, 2011, while Plaintiff was a Hawaii resident,[1] Defendant notified Plaintiff that it was denying her further benefits in a letter mailed to her Hawaii address. *Id.* Ex. 3.

---

[1] During the June 27, 2012 hearing, the parties stipulated for the purposes of this Motion that Plaintiff relocated to Hawaii in approximately 2007, and that she was a resident of Hawaii when her benefits were denied.

B.  **Procedural History**

Plaintiff filed this action on March 1, 2012.  Counts Three and Five of the Complaint allege violations of Washington statutory law -- Count Three alleges a violation of Washington's Insurance Fair Conduct Act, and Count Five alleges a violation of Washington's Consumer Protection Act.

On April 10, 2012, Defendant filed its Motion to Dismiss, asserting that Counts Three and Five fail to state claims because they are based on Washington law.  Because Plaintiff is a Hawaii resident (and was when Plaintiff's disability benefits were terminated), Defendant asserts that Hawaii law -- not Washington law -- should apply, and therefore Counts Three and Five fail to state claims.  On May 23, 2012, Plaintiff filed her Opposition, and Defendant filed a Reply on May 29, 2012.  After a status conference on June 6, 2012, the parties filed Supplemental Memoranda on June 15, 2012.  A hearing was held on June 27, 2012.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

## IV. DISCUSSION

**A.     Choice of Law is a Proper Subject for a Motion to Dismiss**

Initially, Plaintiff argues that the Motion is premature and cannot be decided on a motion to dismiss. She contends that the court lacks a sufficient factual basis upon which to determine whether Washington law or Hawaii law applies. She thus asks the court to postpone the choice of law determination until after discovery commences.

4

Some courts have, under certain circumstances, declined to conduct choice of law analyses when deciding motions to dismiss, instead delaying such decisions until after an opportunity for discovery. *See, e.g.*, *D'Agostino v. Johnson & Johnson, Inc.*, 115 N.J. 491, 497, 559 A.2d 420, 423 (1989); *Bonnell v. Cabo Azul Resort*, 2010 WL 3433047, at *4 (D. Nev. Aug. 27, 2010). Those cases, however, are distinguishable -- they deal with motions to dismiss on *forum non conveniens* grounds where the relevant facts were unclear.

But courts need not wait for discovery before conducting choice of law analyses where the pleadings, construed in the plaintiff's favor, contain all necessary facts. *See, e.g.*, *Montich v. Miele USA, Inc.*, --- F. Supp. 2d ----, 2012 WL 1005329, at *4 (D. N.J. Mar. 27, 2012) ("[T]he decision about whether a choice-of-law issue is ripe or premature should be made on a case-by-case basis depending on the facts presented. Indeed, courts . . . have decided choice-of-law issues on a motion to dismiss when the necessary facts are pled in the complaint."); *Fellner v. Phil. Toboggan Coasters, Inc.*, 2006 WL 2224068, at *2 (S.D. Ind. Aug. 2, 2006) ("Plaintiff's response raises . . . the choice of law issue, requesting that we determine, prior to ruling on [Defendant's] motion to dismiss, whether Pennsylvania or Indiana substantive law applies . . . . We shall accommodate that request by addressing the choice of law issues and then [Defendant's] motion to

dismiss."); *Aetna Sur. & Cas. Co. v. Sacchetti*, 956 F. Supp. 1163, 1168-71 (D. N.J. 1996) (conducting choice of law analysis in ruling on motion to dismiss under Rule 12(b)(6)). Indeed, this court has previously ruled on a choice of law analysis pursuant to Rule 12(b)(6). *See Scher v. Premier Holdings, Inc.,* 2010 WL 1064678, at *5 n.3 (D. Haw. Mar. 24, 2010) (determining that Missouri law applied to claim in ruling on motion to dismiss for lack of personal jurisdiction, and ultimately dismissing for failure to state a claim).

Here, the Complaint -- construed in Plaintiff's favor -- alleges all relevant facts necessary to determine which state has the strongest interest in having its laws applied. In fact, Plaintiff identifies no specific facts which discovery could disclose which could impact the court's choice of law analysis. *See Matter of Yagman*, 796 F.2d 1165, 1171 n.2 (9th Cir. 1986) ("Plaintiffs' argument that questions of fact needed to be decided by the jury before the choice of law issues could be resolved is not well taken. Not only have plaintiffs been unable to identify the disputed factual issues that they claim were in need of resolution, but . . . a choice of law under the governmental interest approach is a legal determination to be made by the court."). Thus, the court proceeds to decide the question at this time.

**B.      Hawaii Law Governs the Instant Action**

*1.      The Applicable Laws of Hawaii and Washington Are Different*

The choice of law analysis requires a two-part inquiry.  "The first part of the choice of law inquiry is best understood as determining if there is an *actual* or real conflict between the potentially applicable laws." *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007).  "If two jurisdictions' laws are the same, then there is no conflict at all, and a choice of law analysis is unnecessary." *Id. See also Hawaiian Telcom Comm'n, Inc. v. Tata Am. Int'l. Corp.*, 2010 WL 2594482, at *5 (D. Haw. May 24, 2010) ("This court need not determine whether the Hawaii choice of law analysis requires the application of Hawaii law or New York law because the applicable principles of contract interpretation are the same under either one.").  Here, as explained in their supplemental briefs, the parties agree that there is a conflict between the applicable laws of Hawaii and those of Washington.[2]  Thus, the court proceeds to the second part of the choice of law

---

[2] For instance, the Revised Code of Washington, Section 48.30.015, provides a private right of action against insurance companies who unreasonably deny payment or coverage of benefits, whereas Hawaii does not have a comparable statutory right of action in its insurance code. *See Hough v. Pac. Ins. Co.,* 83 Haw. 457, 469, 927 P.2d 858, 870 (1996) ("'[N]othing in the plain language of [HRS Chapter 431,] Article 13 expressly provides for a private cause of action for persons injured by insurance companies who violate this article' [and] 'a review of the relevant legislative history of Article 13 fails to indicate a legislative intent to either create or deny a private cause of action.'") (quoting *Hunt v. First Ins. Co. of Haw., Ltd.*, 82 Haw. 363, 371, 922 P.2d 976, 984 (Haw. App. 1996)).

analysis.

> ## 2. *Hawaii Has the Most Significant Relationship to the Parties and the Strongest Interest in Seeing its Laws Applied to this Case*

Federal courts sitting in diversity must apply "the forum state's choice of law rules to determine the controlling substantive law." *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). The court therefore applies Hawaii's choice of law rules to determine whether a Hawaii court would apply the law of Hawaii or of Washington in this case.

"Hawaii resolves its conflict of laws issues by deciding which State has the strongest interest in seeing its law applied to a particular case." *Lemen v. Allstate Ins. Co.*, 938 F. Supp. 640, 643 (D. Haw. 1995) (citations omitted); *see also Mikelson,* 107 Haw. at 198, 111 P.3d at 607 ("This court has 'moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend towards a more flexible approach looking to the state with the most significant relationship to the parties and subject matter.'") (citation omitted). "[T]he interests of the states and applicable public policy reasons should determine whether Hawaii law or another state's law should apply." *Mikelson,* 107 Haw. at 198, 111 P.3d at 607. In making this determination, courts "look to factors such as (1) where relevant events occurred, (2) the residence of the parties, and (3) whether any of the parties had any particular ties to one jurisdiction or the other." *Kukui Gardens*

*Corp. v. Holco Cap. Grp.*, 2010 WL 145284, at *5 (D. Haw. Jan. 12, 2010). "Hawaii's choice-of-law approach 'creates a presumption that Hawaii law applies unless another state's law would best serve the interests of the states and persons involved.'" *Abramson v. Aetna Cas. & Sur. Co.*, 76 F.3d 304, 305 (9th Cir. 1996) (citations omitted).

Applying this test, the court easily concludes that Hawaii has the strongest interest in having its law applied to this case. Most importantly, the events giving rise to the suit occurred while Plaintiff was a Hawaii resident -- during this time, Defendant determined that Plaintiff was not disabled, terminated her benefits, and committed the alleged breaches of contract, statutory violations, and bad faith.

In opposition, Plaintiff emphasizes that the policy was purchased (and initially honored) in Washington. But this one factor does not override Hawaii's strong interest in ensuring that its residents are not denied insurance benefits unreasonably, and are not subjected to unfair and deceptive acts by businesses. *See Paradise Cruise Ltd. v. Else*, 2005 WL 3663694, at *8 (D. Haw. May 17, 2005) ("Hawaii maintains a strong interest in providing an effective means of redress for its residents when their insurers refuse to pay claims."); *see also Prudential Ins. Co. of Am. v. Norva*, 2009 WL 1025875, at *3 (D. Haw. Apr. 15, 2009) (applying

Hawaii law to life insurance policy issued in California, where insured died in Hawaii, and potential beneficiaries were residents of Hawaii).

Comparatively, Washington has a lesser interest in seeing its laws applied to a dispute involving a claim by a former resident over a denial of insurance benefits which occurred after Plaintiff moved to Hawaii. Although Washington has an interest in regulating businesses which operate within its borders, that interest does not outweigh Hawaii's strong interest in protecting its residents from unreasonable or unlawful practices by insurance companies, and in resolving disputes which arise out of acts occurring in Hawaii. *See State Farm Mut. Auto. Ins. Co. v. Metcalf*, 902 F. Supp. 1216, 1218 (D. Haw. 1995) ("[T]he McCarran-Ferguson Act vests states with the authority to regulate insurance carriers and stresses that state regulation of the business of insurance is 'in the public interest.' The State also has a strong interest in protecting its consumers from unfair and deceptive trade practices by prosecuting and penalizing insurance carriers who violate the State's regulations.") (citations omitted).

During the June 27, 2012 hearing, as well as in her briefs, Plaintiff proffered facts, not alleged in the Complaint, which she claims weigh in favor of applying Washington law to this action. Specifically, Plaintiff claims that Defendant is not authorized to conduct business in Hawaii. Even assuming this as

fact, however, provides no relief to Plaintiff. Hawaii has a strong interest in regulating companies which provide insurance coverage to its residents, even if those companies are not licensed to sell policies in Hawaii. Indeed, Hawaii may have an even *greater* interest in applying its laws to insurance companies that are not licensed here -- but which nevertheless insure Hawaii residents -- than it does in regulating companies that are licensed here (and thus have met certain minimum standards required to obtain such licensing pursuant to Hawaii Revised Statutes § 431:3-203).

The court concludes that Hawaii has the most significant relationship to the parties, and the strongest interest in seeing its laws applied to the instant action. Consequently, the court finds that Hawaii law applies to this case. It follows that Counts Three and Five of Plaintiff's Complaint, which allege violations of Washington law, fail to state claims for relief.

Finally, although Plaintiff's Motion was directed only at Counts Three and Five, the remaining Counts in this action will also proceed under Hawaii law.

## C. Leave to Amend

Courts should give a plaintiff leave to amend their complaint "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). This standard is to be "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d

1074, 1079 (9th Cir. 1990). Rule 15 "places leave to amend, after a brief period in which a party may amend as of right, within the sound discretion of the trial court. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

Here, nothing suggests bad faith or a dilatory motive on the part of Plaintiff, nor has there been an undue delay or repeated failure to cure deficiencies. Indeed, in their supplemental briefs, the parties agree that, if the court dismisses the counts based on Washington law, it should grant Plaintiff leave to amend her

Complaint to allege similar violations of Hawaii law. Accordingly, the court grants Plaintiff leave to amend her Complaint to allege violations of Hawaii law. Such an Amended Complaint may be filed by July 13, 2012. If an Amended Complaint is not filed, the action will proceed under Hawaii law on Counts One, Two, Four, and Six.

## V. CONCLUSION

For the reasons stated above, the court GRANTS Defendant Ohio National's Motion to Dismiss Counts Three and Five of the Complaint. Plaintiff is granted leave until July 13, 2012, to file an Amended Complaint alleging violations of Hawaii law as to Counts Three and Five.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Hamby v. Ohio Nat'l Life Assurance Corp.*, Civ. No. 12-00122 JMS-KSC, Order Granting Defendant's Motion to Dismiss Counts Three and Five of the Complaint, and Granting Leave to Amend

13